In the Matter of the Administration with the Will Annexed of the Estate of SARAH BURNS HEUER, Deceased.

GRIGGS, BALDWIN & BALDWIN, Attorneys, Appellants; GEORGE H. HEUER, as Administrator with the Will Annexed, etc., of SARAH BURNS HEUER, and Others, Respondents.

First Department, July 6, 1923.

Costs — Surrogate's Court — allowance to attorney of $2,500 in estate of less than $8,000 is too large — succeeding surrogate had jurisdiction to strike out allowance and postpone decision thereon until amount of estate was ascertained.

An allowance of $2,500 in favor of the attorneys for the proponent of a will is too large where the estate amounts to less than $8,000, though over $30,000 was distributed through a power of appointment made in the will.

The succeeding surrogate had full jurisdiction upon a motion to resettle the decree made by a former surrogate to strike out the allowance and to postpone a decision as to the amount of counsel fee until it can be finally determined what amount passes through the estate.

APPEAL by Griggs, Baldwin & Baldwin, attorneys for the proponent of the will of Sarah Burns Heuer, deceased, from an order of the Surrogate's Court of the county of New York, entered in

the office of said Surrogate's Court on the 14th day of May, 1923, resettling a decree of said Surrogate's Court theretofore made by striking therefrom an allowance of $2,500 to the appellants as such attorneys.

*Griggs, Baldwin & Baldwin* [*David Asch* of counsel; *Martin Conboy* with him on the brief], for the proponent.

*Schreiber, Collins & Buchter* [*Morris Buchter* of counsel; *Benjamin F. Schreiber* and *Alfred Rathheim* with him on the brief], for the respondents.

SMITH, J.:

It is apparent that, at the time this allowance was made, it was supposed that the estate was valued at about $40,000. A motion for resettlement was made before the surrogate who made the allowance, but that was denied. This application was made before a succeeding surrogate. It seems that there was some property in Pennsylvania of which the testatrix had the power of appointment in her will as to the ultimate beneficiary, and that property had not been handed over to the New York administrator. It appeared in the first application for resettlement that the attorneys for the proponent of the will of the testatrix in this State had no knowledge of the reason why the Pennsylvania court had not turned the property over to the administrator in this State. In this application the facts appear showing that the transfer of most of this property was through a power of appointment made in the will, and to that extent was not a transfer of property from the testatrix to the devisees or legatees named in the will; and it further appears that the estate instead of being of the value of about $40,000, is, in fact, of the value of only about $8,000, and that amount is subject to certain indebtedness which would bring the estate still lower. It seems clear, however, that the surrogate who granted this allowance would not grant an allowance of $2,500 to counsel in an estate which did not amount to more than $8,000.

We think the present surrogate had full jurisdiction upon this motion for reargument to determine the matter, and that his determination, postponing a decision as to the amount of the counsel fee until it be finally determined what amount passes through the estate, is fully justified by the facts in this case.

The order, therefore, should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.